IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATT BRODY, on behalf of himself and all others similarly situated,** | § § § | **Civ. Action No. 3:04-CV-1931-K** |
| Plaintiffs, | § § | **(Consolidated with Civil Action No. 3:04-CV-1998-K** |
| | § | **Civil Action No. 3:04-CV-2018-K** |
| v. | § | **Civil Action No. 3:04-CV-2041-K** |
| | § | **Civil Action No. 3:04-CV-2113-K** |
| **ZIX CORPORATION, RONALD A. WOESSNER, et al.,** | § § | **Civil Action No. 3:04-CV-2161-K and** |
| | § | **Civil Action No. 3:04-CV-2337-K)** |
| Defendants. | § | |

**JOINT REPORT
PURSUANT TO FED. R. CIV. P. 26(F)**

Pursuant to the Order entered on February 25, 2007, and in accordance with Fed. R. Civ. P. 26(f), and applicable local rules, the parties conducted a telephonic conference on March 16, 2007. Lead Plaintiff, the Shinabarker Group,[1] was represented by its Counsel, Marvin L. Frank and Lawrence D. McCabe of Murray, Frank & Sailer LLP, Eric Lechtzin and Mark Danek of Schiffrin Barroway Topaz & Kessler, LLP, and Roger F. Claxton of Claxton & Hill. Defendants[2] were represented by their Counsel, Gerard G. Pecht, Anne M. Rodgers, and Laurie A. Weiss of Fulbright & Jaworski L.L.P. In accordance with the Court's Order, and the parties understanding of this Court's desire for an expeditious schedule, the parties hereby submit the following Joint Report.

---

[1] The "Shinabarker Group" is comprised of Terry Shinabarker, Joseph Simone, Carlo D'Amico, and C. Eric Ray.

[2] The Defendants are John A. Ryan ("Ryan"); Daniel S. Nutkis ("Nutkis"); Steve M. York ("York"); Ronald A. Woessner ("Woessner"); and Dennis F. Heathcoate ("Heathcote") (collectively the "Individual Defendants") and Zix Corporation ("ZixCorp" or the "Company") (together with the Individual Defendants, "Defendants").

**1.     Brief Statement of the Claims and Defenses.**

    **a.     Lead Plaintiff:**

Lead Plaintiff asserts that Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and that the Individual Defendants also violated Section 20(a) of the Exchange Act, by making materially false and misleading statements regarding ZixCorp's core product, PocketScript, between October 30, 2003 and May 4, 2004, inclusive (the "Class Period"). In particular, it is alleged that Defendants substantially inflated the number of physicians already "using" PocketScript and the number of devices "deployed" by Zix. Moreover, based on the allegedly false number of "deployed" physicians using PocketScript, Zix issued revenue projections for fiscal years 2003 and 2004 that were directly contradicted by then known facts. Defendants engaged in these actions knowingly and/or recklessly.

    **b.     Defendants:**

Pocket Script was a start-up technology in an emerging market that had always incurred significant losses, all of which was fully disclosed to shareholders. Defendants made no material misstatements or omissions. In addition, Plaintiff cannot establish causation because the alleged misstatements are not connected to any corrective statement as required by *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627 (2005). Plaintiff also cannot show that the alleged misrepresentations were made with scienter. John Ryan, the alleged primary speaker, sold no ZixCorp shares during the alleged class period so there is no motivation for any misrepresentation, let alone scienter. Moreover, a class should not be certified for many reasons, including the very large percentage of short sellers (who were betting the stock price would fall) who lack standing to sue and to whom the fraud-on-the-market presumption of reliance does not apply.

**2.     Proposed Time Limit to file Motions to Join Additional Parties.**

Any motion to join additional parties shall be filed no later than August 17, 2007.

**3.     Proposed Time Limit to Amend the Pleadings.**

a.     The parties may amend any affirmative pleadings no later than August 17, 2007, except with respect to amendments as may be necessary to conform the pleadings to evidence pursuant to Fed. R. Civ. P. 15(b), which may be filed at any time, even after judgment.

**4.     Proposed Time Limit to File Various Motions Including Dispositive Motions.**

   **a.     Motion for Class Certification.**

   i.    Lead Plaintiff shall move for Class Certification no later than April 13, 2007;

   ii.   Lead Plaintiff's Motion for Class Certification shall include a supporting affidavit(s) and designation of Lead Plaintiff's expert(s) in support of class certification;

   iii.  Defendants shall complete the depositions of Lead Plaintiff and any other proposed class representative(s) and Lead Plaintiff's expert(s) no later than 45 days after service of the Motion for Class Certification;

   iv.   Defendants shall designate and provide report(s) of their expert(s) on class certification no later than May 28, 2007;

   v.    Lead Plaintiff shall complete the depositions of Defendants' expert(s) no later than June 27, 2007;

   vi.   Defendants shall file their opposition to the Motion for Class Certification, including any motion seeking to disqualify expert witnesses (including

        motions pursuant to *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) ("*Daubert* motions")), no later than July 27, 2007; and

    vii.    Lead Plaintiff shall file a reply, including an opposition to any motion seeking to disqualify expert witnesses (including *Daubert* motions), no later than August 16, 2007.

**b.**    **Motions for Summary Judgment.**

    i.    Any motions for summary judgment shall be filed no later January 28, 2008;

    ii.    Opposing papers shall be filed no later February 27, 2008; and

    iii.    Any reply papers shall be filed no later March 13, 2008.

**5.**    **Proposed Time Limit for Initial Designation of Experts.**

    a.    Each party shall identify their respective trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and serve expert reports pursuant to Fed. R. Civ. P. 26(a)(4)(A) for issues on which that party bears the burden of proof no later than November 1, 2007;

    b.    Depositions of the affirmative experts must be completed no later than 15 days after the after the service of the expert reports.

**6.**    **Proposed Time Limits for Responsive Designations of Experts.**

    a.    Each party shall identify their respective trial experts and serve responsive reports shall be served no later than November 30, 2007;

    b.    Depositions of responsive experts must be completed no later than no later than December 14, 2007;

    c.    Rebuttal reports shall be exchanged no later than December 28, 2007; and

    d.    Rebuttal expert depositions shall be completed by January 14, 2008.

**7.** **Proposed Time Limit for Objections to Experts (*i.e.*, *Daubert* and Similar Motions).**

    a.    The parties shall serve any motions seeking to disqualify expert witnesses (including *Daubert* motions) no later than March 31, 2008;

    b.    Oppositions to any motions seeking to disqualify expert witnesses (including *Daubert* motions) shall be served no later than April 18, 2008; and

    c.    Replies to any motions seeking to disqualify expert witnesses (including *Daubert* motions), if any, shall be served no later than April 29, 2008.

**8.** **Proposed Plan and Schedule for Discovery.**

    **a.** **Fact Discovery.**

        i.    Lead Plaintiff served its first request for production of documents on October 20, 2006, seeking discovery regarding the following subjects, among others:

            1.    enrollment and deployment of PocketScript;

            2.    historical and forecasted deployment of PocketScript and historical and forecasted number of prescriptions issued by physicians on PocketScript, but not the actual underlying prescriptions;

            3.    sales forecasts for PocketScript;

            4.    technical issues regarding the installation of PocketScript;

            5.    physician complaints and/or inquiries regarding security concerns with the wireless Local Access Network ("LAN") system for PocketScript PDAs;

            6.    technical problems or concerns regarding PocketScript customers or distributors, including but not limited to:

                a.    wireless connectivity or receptivity of PocketScript PDAs;

    b. availability of pharmacy contact information;

    c. security of information transmitted via PocketScript.

  7. transactions in Zix common stock by the Individual Defendants, and or any member of their families; and

  8. Defendant's bases for each of the sales and earnings forecasts issued during the Class Period.

ii. Defendants have undertaken a search for documents responsive to Lead Plaintiff's first request for production of documents and have identified approximately 33 boxes of responsive documents as well as 350 gigabytes of data (or approximately 18 millions pages) of documents that may be responsive to Lead Plaintiff's requests. These documents have been transferred to an electronic database that is being screened for responsive non-privileged documents that Defendants intend to produce to Lead Plaintiff on a rolling basis beginning on or before April 15, 2007. Defendants intend to complete their production of non-privileged documents responsive to Lead Plaintiff's first requests for production of documents by July 31, 2007.

iii. **Electronic Discovery**. The parties have agreed to meet and confer regarding the scope of electronic discovery, the preservation of electronic documents, the method for production of electronic documents, and the format for production of electronic documents.

      iv.      Defendant ZixCorp served its first request for production of documents and first set of interrogatories on March 23, 2007, seeking discovery on the following subjects, among others:

1. Lead Plaintiff's purchase, ownership, and sale of ZixCorp securities;

2. the identity of and communications with the alleged "confidential sources" cited in the complaint;

3. the factual basis, if any, for lead plaintiffs' allegations;

4. communications between the lead plaintiffs and with other potential members of the alleged class;

5. the adequacy of the lead plaintiffs as proposed class representatives;

6. whether the lead plaintiffs are typical of the class they seek to represent;

7. Lead Plaintiff's reliance on any alleged misstatements or omissions; and,

8. any alleged damages claimed by lead plaintiffs and the alleged class.

Lead Plaintiff intends to respond to the discovery on or before April 30, 2007, and to produce all responsive non-privileged documents by that date.

    b.    **Completion of Fact Discovery**.  Fact discovery shall be completed by December 14, 2007.

9. **Proposed Changes in the Limitations on Discovery Imposed by the Federal Rules, Local Rules and Other Limitations on discovery**

   a. **Confidentiality.** The parties will negotiate a stipulation and proposed order regarding the confidential treatment of documents produced. Until such time as an order is entered by the Court, the parties agree that any documents produced will be limited to review only by the parties' respective counsel, *i.e.*, attorney's eyes only.

   b. **Number of Depositions.**

      i. **Lead Plaintiff's Position.** In recognition of the fact that there are presently six individual defendants (and two additional defendants who were voluntarily dismissed, but whom Lead Plaintiff believes to have knowledge relevant to the case at bar), Lead Plaintiff believes that the limit of ten (10) depositions is insufficient. Lead Plaintiff believes it should be entitled to take twenty (20) merits depositions in this matter.

      ii. **Defendants' Position.** Defendants believe the limit of ten depositions is ample. However, Defendants will consider in good faith any request by Lead Plaintiff to exceed ten depositions.

   c. **Duration of Depositions.**

      i. **Lead Plaintiff's Position.** Lead Plaintiff believes that five (5) of the depositions noticed by Lead Plaintiff may reasonably exceed the "one day of seven hours" time limitation for the taking of depositions set forth in Fed. R. Civ. P. 30(d)(2), provided that at the time any such deposition is noticed, Lead Plaintiff also provides notice of its intent to exceed the limitation. Lead Plaintiff reserves its right to request more than five (5)

      depositions to reasonably exceed the time limitation for the taking of depositions set forth in Fed. R. Civ. P. 30(d)(2).

   ii. **Defendants' Position.**  Defendants believe there is no need to exceed the one day of seven hours limitation for taking depositions.  However, Defendants will consider in good faith any request by Lead Plaintiff made at least five days in advance of the deposition to exceed the time limitation for any particular witness.

**10.** **Proposed Trial Date, Estimated Length of Trial and Jury Trial Demand.**

 a. **Proposed trial date.**

Monday, May 5, 2008.

 b. **Estimated Length of Trial.**

The parties estimate that a trial in this matter will take three (3) weeks or fifteen days.

 c. **Jury Trial Demand.**

Lead Plaintiff and Defendants have properly demanded a jury trial.

**11.** **Proposed Date for Further Settlement Negotiations.**

The parties previously broached the issue of settlement; however, there are no on-going negotiations at the present time.  The parties have agreed to seek mediation (*see* paragraph 14, below).

**12.** **Proposed Schedule for Rule 26(a)(1) Disclosures.**

The parties will serve Rule 26(a)(1) Initial Disclosures no later than 30 days after the filing date of this report.

**13.** **Whether the Parties Consent to Trial before a U.S. Magistrate Judge.**

At this stage of the litigation, the parties do not consent to a trial before a Magistrate Judge.

**14.     Whether the Parties are considering Mediation.**

The parties have agreed to submit to mediation after a reasonable opportunity for discovery, in July or August 2007, before the Honorable Layn R. Phillips.

**15.     Other Scheduling and Discovery Issues.**

None at this time.

**16.     Necessity of Conference before the Court.**

The parties do not believe a conference with the Court is necessary at this time.

**17.     Other Matters.**

None at this time.

Respectfully submitted,

Dated: April 6, 2007

| **CLAXTON & HILL** | **FULBRIGHT & JAWORSKI L.L.P.** |
|---|---|
| s/Roger F. Claxton | s/Anne Rodgers |
| Roger F. Claxton | Gerard G. Pecht |
| State Bar No. 04329000 | State Bar No. 15701800 |
| Robert J. Hill | Anne M. Rodgers |
| State Bar No. 09652100 | State Bar No. 17133025 |
| 3131 McKinney Avenue, Suite 700 | Houston, Texas 77010-3095 |
| Dallas, Texas 75204 | 1301 McKinney, Suite 5100 |
| Telephone: (214) 969-9029 | Telephone: (713) 651-5151 |
| Facsimile: (214) 953-0583 | Facsimile: (713) 651-5246 |
| **Liaison Counsel for Lead Plaintiff** | Karl G. Dial |
| | State Bar No. 05800400 |
| | 2200 Ross Avenue, Suite 2800 |
| | Dallas, Texas 75201-2784 |
| | Telephone: (214) 855-8050 |
| | **Counsel for Defendants** |

Marvin L. Frank
Lawrence D. McCabe
**MURRAY, FRANK & SAILER LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

-and-

Eric Lechtzin
Mark Danek
**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Co-Lead Counsel for Lead Plaintiff**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of November, 2006, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

| | |
|---|---|
| Gerard G. Pecht | Karl G. Dial |
| **FULBRIGHT & JAWORSKI L.L.P.** | **FULBRIGHT & JAWORSKI L.L.P.** |
| 1301 McKinney, Suite 5100 | Texas Commerce Bank Tower |
| Houston, Texas  77010-3095 | 2200 Ross Avenue, Suite 2800 |
| gpecht@fulbright.com | Dallas, Texas 75201 |
| | kdial@fulbright.com |

I further certify that a true and correct copy of the foregoing document was sent by first class mail to counsel listed below that have not consented in writing to accept this notice by electronic means:

Eric J. Belfi
Marvin L. Frank
Lawrence D. McCabe
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY 10016

Eric Lechtzin
Heather Tashman
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

Thomas A. Dubbs
Goodkind Labaton Rudoff & Sucharow
100 Park Avenue
New York, NY 10017

Frank E. Goodrich
Baron & Budd
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219

Jeffrey S. Nobel
Andrew M. Schatz
Schatz & Nobel
1 Corporate Center, Suite 1700
Hartford, CT 06109


s/Roger F. Claxton
Roger F. Claxton

690500.1