IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATT BRODY, on behalf of himself and all others similarly situated | § § § | |
| Plaintiff, | § § | NO. 3-04-CV-1931-K |
| VS. | § § | |
| ZIX CORPORATION, ET AL. | § § | |
| Defendants. | § § | |

## **MEMORANDUM ORDER**

Defendant Zix Corporation ("ZixCorp") has filed an emergency motion to compel discovery in this securities fraud class action. At issue are interrogatories and document requests served on plaintiffs which defendant contends are relevant to the merits of this suit and to the issue of class certification. In particular, defendant seeks: (1) the identity of six former ZixCorp employees referenced as "confidential sources" in plaintiffs' complaint, together with all communications between those sources and plaintiffs or their attorneys; (2) the trading histories, investment strategies, and financial results of the putative class representatives; and (3) copies of written requests sent by plaintiffs to their brokers seeking responsive documents. The parties have briefed their respective positions in a Joint Status Report filed on May 21, 2007, and the motion is ripe for determination.[1]

---

[1] Defendant requests an opportunity to file a separate reply to the arguments made by plaintiffs in the Joint Status Report. The request is denied. In its order dated May 10, 2007, the court instructed counsel for both parties to meet face-to-face in an attempt to resolve this discovery dispute and to brief any unresolved issues in a Joint Status Report. *See* Order, 5/10/07 at 1-2. The order provides that:

> The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute. To this end, the parties should present their arguments and authorities in the body of the

A.

In their consolidated class action complaint, plaintiffs indicate that a number of their allegations are based on information provided by six former ZixCorp employees, who are referred to in the complaint as "confidential sources" and identified only by their job descriptions. (*See* Plf. Consol. Compl. at 8-9, ¶¶ 25-31). Defendant now seeks certain information and documents pertaining to those sources. (*See* Interrog. #11, 12 & 13; RFP #6, 30, 31, 32, 33 & 34). Plaintiffs object to this discovery on the grounds of attorney work product, public policy considerations, and the fact that none of the confidential sources will be used in the future.[2]

Whether the information and documents sought by defendant in this case constitutes attorney work product is unclear. Some federal courts have held that the identity of witnesses interviewed by an opposing party necessarily requires counsel to reveal his investigatory strategy and, thus, is entitled to work product protection. *See e.g., Electronic Data Systems Corp. v. Steingraber*, No. 4-02-CV-225, 2003 WL 21653405 at *2 (E.D. Tex. Jul. 9, 2003); *In re Ashworth, Inc., Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002); *In re MTI Technology Corp. Sec. Litig. II*, SACV 00-0745, 2002 WL 32344347 at *3 (C.D. Cal. Jun. 13, 2002). Other courts have held that the work product doctrine does not shield from discovery the identity of persons with knowledge of relevant facts, even if such

---

report. Supporting evidence and affidavits may be submitted in a separate appendix. If further briefing is desired before any unresolved matters are set for a hearing, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

*See id.* at 3. Although defendant protests that it received plaintiffs' written arguments "after business hours on the date this Joint Status Report was due," (*see* Jt. Stat. Rep. at 27, ¶ (E)(i)), the attorneys presumably discussed their respective positions and disclosed their legal authorities during a three-hour face-to-face conference held on May 17, 2007--four days before the Joint Status Report was filed. Significantly, defendant does not suggest that plaintiffs were not forthcoming with their arguments and authorities at this conference. Without such a showing, the court will not allow further briefing.

[2] These are the only objections argued or briefed by plaintiffs in the Joint Status Report. To the extent plaintiffs made other objections in their discovery responses, those objections are deemed waived.

persons serve as confidential sources during the course of a pre-suit investigation. *See, e.g. Mazur v. Lampert*, No. 04-61159-CIV, 2007 WL 917271 at *4 (S.D. Fla. Mar. 25, 2007); *Miller v. Ventro Corp.*, No. C01-01287-SBA, 2004 WL 868202 at *2 (N.D. Cal. Apr. 21, 2004); *In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631, 635-36 (N.D. Ga. 2002); *In re Aetna, Inc. Sec. Litig.*, No. Civ.A MDL 1219, 1999 WL 354527 at *3 (E.D. Pa. May 26, 1999). In this court's view, the better reasoned authority requires plaintiffs to identify the former ZixCorp employees who were interviewed by counsel and provided facts alleged in the complaint. Indeed, Fed. R. Civ. P. 26(a)(1) provides that a party must disclose:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information[.]

Similarly, Fed. R. Civ. P. 26(b)(1) allows discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Plaintiffs cannot avoid their disclosure obligations under the federal rules by characterizing these witnesses, who unquestionably have knowledge of relevant facts, as "confidential sources." *See Mazur*, 2007 WL 917271 at *4.

Nor do public policy considerations prevent defendant from discovering the identities of the six former ZixCorp employees. In support of their public policy argument, plaintiffs allege only that these witnesses "could face serious consequences if their identities were revealed." (*See* Jt. Stat. Rep. at 16, ¶ (A)(i)(II)). Such a conclusory assertion does not come close to establishing a genuine risk of retaliation. *See Norflet v. John Hancock Fin. Serv., Inc.*, No. 3-04-CV-1099, 2007 WL 433332 at *3 (D. Conn. Feb. 5, 2007).[3]

---

[3] The two Fifth Circuit decisions cited by plaintiffs in support of their public policy argument are inapposite. In *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303 (5th Cir. 1972), the court based its decision on a common-law privilege that protects witness statements given to Department of Labor officials investigating possible violations of the Fair Labor Standards Act. No such privilege exists here. The other case, *ABC Arbitrage Plaintiffs*

Plaintiffs further argue that they do not plan to use their confidential sources beyond the pleading stage. That may or may not be the case. In any event, as previously discussed, those sources unquestionably have knowledge of facts relevant to a claim or defense, as evidenced by statements attributed to them in plaintiffs' complaint. The names of these witnesses are clearly within the scope of permissible discovery and must be revealed. *See Miller*, 2004 WL 868202 at *2.[4]

B.

In one interrogatory and four requests for production, defendant seeks information and documents relating to the trading histories, investment strategies, and financial results of the putative class representatives. (*See* Interrog. #10; RFP #26, 39, 41 & 42). Three other interrogatories and three other requests for production seek information and documents pertaining to the acquisition, sale, conversion, or transfer of ZixCorp shares. (*See* Interrog. # 1, 2 & 3; RFP #3, 23 & 40). While plaintiffs agree that this information is discoverable, they argue that the relevant time period should be limited to October 30, 2003 through May 4, 2004, which corresponds to the class period alleged in their complaint. The court disagrees. The proposed class period does not determine the period of relevancy for discovery purposes. *See, e.g. In re Seagate Technology II Sec. Litig.*, No. C-89-2493, 1993 WL 293008 at *2 (N.D. Cal. Jun. 10, 1993). Instead, the court determines that the relevant time period for discovery should be from January 1, 2003, 10 months prior to the

---

*Group v. Tchuruk*, 291 F.3d 336 (5th Cir. 2002), merely holds that plaintiffs are not required to plead the names of their confidential sources in order to survive the dismissal of a securities fraud class action complaint. The court did not address whether such information could be obtained through discovery.

[4] Many of the discovery requests seek information and documents that go beyond merely identifying confidential sources. For example, Interrogatory No. 13 requires plaintiffs to "identify the paragraph (and subparagraph) numbers of each allegation in the Complaint that is based on information from the source." Likewise, several requests for production seek communications by and between the confidential sources and plaintiffs or their attorneys. The court does not suggest a view as to whether some or all of the information and documents in these other discovery requests, as phrased, may be entitled to work product protection, as that issue has not been briefed by plaintiffs in the Joint Status Report. Because plaintiffs have elected to focus their argument on protecting the *identity* of their confidential sources, rather than challenging discrete interrogatories and document requests, any other potential arguments for not answering this discovery are deemed waived.

commencement of the class period, through December 31, 2004, eight months after the close of the period. *See In re Grand Casinos, Inc.*, 181 F.R.D. 615, 618 (D. Minn. 1998) (allowing discovery for time period beginning one year prior to proposed class period and ending 90 days after close of class period); *Upton v. McKerrow*, Civ. A. No. 1-94-CV-353, 1996 WL 193807 at *4 (N.D. Ga. Feb. 20, 1996) (relevant time period for discovery was six months prior to and six months after close of proposed class period).

C.

Finally, the parties disagree as to whether plaintiffs must provide defendant with copies of written requests sent to their brokers asking for documents that plaintiffs have agreed to produce without the necessity of a subpoena. Defendant argues that it is "entitled to evidence that plaintiffs are using appropriate due diligence to obtain the documents." (*See* Jt. Stat. Rep. at 26, ¶ (D)(i)). Absent a showing that plaintiffs have failed to comply with their agreement to ask their brokers to produce responsive documents, defendants are not entitled to copies of the written requests sent to the brokers.

## **CONCLUSION**

For these reasons, defendant's emergency motion to compel discovery [Doc. #87] is granted in part and denied in part. The motion is granted with respect to Interrogatory Nos. 11, 12 & 13 and Request Nos. 6, 30, 31, 32, 33 & 34. The relevant time period for Interrogatory Nos. 1, 2, 3 & 10 and Request Nos. 3, 23, 26, 39, 40, 41 & 42 is January 1, 2003 to December 31, 2004. Plaintiffs shall supplement their answers to these interrogatories and produce responsive documents in accordance with this ruling by **June 8, 2007.** In all other respects, defendant's motion is denied.

SO ORDERED.

DATED: May 25, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE