IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATT BRODY, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | Civil Action No. 3-04-CV-1931-K ECF |
| v. | § § | |
| ZIX CORPORATION, RONALD A., WOESSNER, JOHN A. RYAN, DANIEL S. NUTKIS, STEVE M. YORK, and DENNIS F. HEATHCOTE, | § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
(1) MOTION TO STRIKE PLAINTIFFS' REPLY AND APPENDIX IN
SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE KAPLAN'S ORDER,
(2) MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH THE ORDER,
AND (3) BRIEF IN SUPPORT**

Defendants Zix Corporation, Ronald A. Woessner, John A. Ryan, Daniel S. Nutkis, Steve M. York, and Dennis F. Heathcote reply to Lead Plaintiff's Opposition to Defendants' Motions to (2) Strike Lead Plaintiffs' Reply and Appendix in Further Support of Objections to Magistrate Judge Kaplan's Order and to Compel Production.

**I.
ARGUMENT AND AUTHORITIES**

A.  **Plaintiffs Have No Excuse for Their Failure to Timely Submit Their Reply Arguments and Reply Appendix to Magistrate Judge Kaplan or to This Court**

Plaintiffs admit they raised for the first time in their reply brief and reply appendix arguments and documents they did not raise in any of their prior briefing. Plaintiffs imply that they did so to counter a supposedly new argument in Defendants' Motion to Strike, *i.e.*, that Defendants have a substantial need for the identities of the confidential sources and the

31363209

investigative reports and would suffer undue hardship without them. *See* Plaintiffs' Opposition at 2.

A fatal flaw in Plaintiffs' logic is that Defendants' substantial need argument is nothing new. Defendants first raised the issue in their initial motion to compel. *See* Motion to Compel at 9-11, Dkt. No. 87 (explaining that Defendants have substantial need and undue hardship sufficient to overcome any work-product protection). Defendants raised it again in the parties' Joint Report filed on May 21, 2007. *See* Joint Report at 9-11, Dkt. No. 93 ("Plaintiffs should be compelled to respond to defendants' discover regarding the identity of the alleged 'confidential sources,' communications with those third-party witnesses, and documents provided to or received from any of them" because (among other things) "considerations of substantial need and undue hardship warrant[] the production of the witness information.").

Plaintiffs' new reply arguments and documents, while they may be "responsive in nature," would have been equally responsive to Defendants' initial motion to compel and the parties joint report. Plaintiffs' proffer comes far too late.

Moreover, Plaintiffs' argument that the documents in their reply appendix obviate any substantial need Defendants may have for the alleged confidential source information also comes too late. The Order clearly and correctly held that Plaintiffs' argument "that they do not plan to use their confidential sources beyond the pleading state" was entirely irrelevant because those sources "unquestionably have knowledge of facts relevant to a claim or defense, as evidenced by statements attributed to them in plaintiffs' complaint." Order at 4, Dkt. No. 94. If Plaintiffs took issue with that holding, they should have submitted their new reply arguments and appendix with their Objections to the Order. They offer no excuse for their failure to do so and should not be allowed to do so for the first time in a reply.

**B.  Plaintiffs Have No Excuse for Their Failure to Comply with the Order**

Attempting to excuse their admitted failure to comply with the Order, Plaintiffs first assert that Defendants did not seek to compel production regarding communications between Plaintiffs or their agents and the alleged confidential sources. That assertion is patently false. *See, e.g.*, Motion to Compel at 1, Dkt. No. 87 (summarizing the documents and interrogatories in dispute as "[d]ocuments and interrogatory responses pertaining to the identity of and communications with the 'Confidential Sources' to whom many of the allegations in plaintiffs' complaint are attributed and who purportedly made statements that are quoted in plaintiffs' complaint . . . .").

Plaintiffs then claim that Defendants' authority recognizes that a district court's Rule 72(a) review of a magistrate judge's order would be at odds with requiring compliance with the order pending review. Plaintiffs Reply at 4 (citing *Tolliver v. True*, No. 06-cv-02574-WDM-BNB, 2007 WL 1306459, at *8 (D. Colo. May 3, 2007)). Not only do Plaintiffs ignore that they could have asked for a stay of the Order pending review, and therefore are not as helpless as they maintain, but they also ignore the explicit holding of *Tolliver*:

> The defendants want this litigation to be stayed until the district judge rules on their Motion to Compel Arbitration and Motion to Dismiss. . . . I understand that. I have refused to grant a stay, however. Until that decision is reversed by the district judge, if it is, the defendants must comply with my orders.

*Tolliver*, 2007 WL 1306459, at *8. Similarly here, Plaintiffs' admitted failure to comply with the Order should not be countenanced.

## II.
## CONCLUSION AND PRAYER

Defendants request that the Court strike Lead Plaintiffs' Reply in Further Support of Objections to Memorandum Order of Magistrate Judge Kaplan, compel Plaintiffs to comply with the Order immediately, and grant all other relief to which Defendants are entitled.

FULBRIGHT & JAWORSKI L.L.P.

   */s/ Gerald G. Pecht*

| | |
|---|---|
| OF COUNSEL: | Gerard G. Pecht |
| Karl G. Dial | State Bar No. 15701800 |
| State Bar No. 05800400 | Anne M. Rodgers |
| 2200 Ross Avenue, Suite 2800 | State Bar No. 17133025 |
| Dallas, Texas 75201-2784 | 1301 McKinney, Suite 5100 |
| Telephone: (214) 855-8050 | Houston, Texas 77010-3095 |
| Telecopier: (214) 855-8200 | Telephone: (713) 651-5151 |
| | Telecopier: (713) 651-5246 |

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on July 23, 2007, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Roger F. Claxton | Christopher Nelson |
| Robert J. Hill | Mark S. Danek |
| Claxton & Hill | Schiffrin Barroway Topaz & Kessler, LLP |
| 3131 McKinney Avenue, Suite 700 | 280 King of Prussia Road |
| Dallas, Texas 75204 | Radnor, Pennsylvania 19087 |

Marvin L. Frank
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, New York 10016

   */s/ Gerald G. Pecht*
Gerard G. Pecht

31363209     -4-